IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MARK D. CAIRES, SR., #A0701948 | ) ) ) | CIVIL NO. 08-00110 SOM-KSC |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER DISMISSING PETITION |
| BERYL IRAMINA, Warden, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

**ORDER DISMISSING PETITION**

On March 4, 2008, *pro se* Petitioner Mark D. Caires, Sr., filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent filed an Answer and supplemental briefs addressing the court's specific procedural concerns.

On June 5, 2008, Caires filed a Traverse to the Answer. Based on Caires's representations in the Traverse, that he was in custody at Kulani Correctional Facility when he filed his Petition, the court required further briefing from Respondents. Respondents filed their supplemental briefing on June 12, 2008. After careful consideration of all memoranda, exhibits, and documents, the court **DISMISSES** the Petition with prejudice for lack of subject matter jurisdiction.

## I.  BACKGROUND[1]

Caires entered a plea of no contest on January 27, 2003, in the Circuit Court of the Third Circuit, State of Hawaii ("circuit court"), to one count each of Sexual Assault in the Third Degree, Promoting Pornography for Minors, and Promoting a Dangerous Drug in the Third Degree.  Caires was sentenced to concurrent terms of imprisonment of five years on each count, with a mandatory minimum term of twenty months of imprisonment, and with credit for time served.  Judgment entered on March 11, 2003.  Petitioner did not file a direct appeal.

Approximately eleven months later, on February 25, 2004, Caires filed a post-conviction petition, pursuant to the Hawaii Rules of Penal Procedure, Rule 40.  The circuit court appointed an attorney to represent Caires in this Rule 40 proceeding.

On November 10, 2004, the circuit court denied the Rule 40 Petition after holding an evidentiary hearing and entered judgment.  Caires timely appealed this decision to the Intermediate Court of Appeals ("ICA").

---

[1] These facts are taken from the Petition, the exhibits attached thereto, Respondent's Answer and Supplemental Briefing and the records attached thereto, and the April 19, 2007, unpublished decision by the Hawaii Intermediate Court of Appeals ("ICA") in *Caires v. Hawaii*, No. 26985, 155 P.3d 690 (Haw. App. 2007) (unpub.).

On April 19, 2007, the ICA affirmed the circuit court's decision denying Caires's Rule 40 Petition. Caires did not seek review of the ICA's affirmance with the Hawaii Supreme Court, stating that he was told by his court-appointed attorney that "nothing more could be done." (Trav. 1.) Petitioner has no other petition or appeal pending in the state courts. Approximately eleven months after the ICA decision, Caires filed the present Petition.[2]

Caires's term of imprisonment fully expired on February 29, 2008, and he was released from the Kulani Correctional Center on that date. Although Caires apparently completed and signed the Petition on February 29, 2008, the Petition's envelope contains Petitioner's private address, and was date-stamped as mailed three days after Petitioner was released from prison, on March 3, 2008.

Upon direction from the court, Respondent investigated the prison mail logs to determine whether Caires mailed the Petition from the prison while he was still in custody at the Kulani Correctional Facility. The prison's mail logs reveal that no mail was sent to this court from the prison from 2007 through February 29, 2008, Caires's release date. Caires had outgoing

---

[2] The Petition was received by the court on March 4, 2008. Caires signed the Petition on February 29, 2008, and it is stamped as mailed, by Caires from a private address, on March 3, 2008.

mail from the prison on September 7 and 10, June 14 and 20, May 16 and 24, 2007, and November 24, 2006.  Neither Caires nor any other prisoner had outgoing mail addressed to this court on February 27-29, 2008, the days immediately prior to Caires's release date.

Caires claims four grounds for relief, three based on ineffective assistance of counsel (Grounds One, Two, and Four), and one alleging that the Hawaii Supreme Court used the incorrect standard when it affirmed the circuit court's denial of his Rule 40 Petition (Ground Three).

## II.  **DISCUSSION**

There are several insurmountable obstacles to Caires's claims for relief in this Petition, including a lack of exhaustion of the claims presented, and a statutory timebar.[3]  Because Caires was not in custody when he filed the Petition, however, the court lacks subject matter jurisdiction to consider these issues or to consider the Petition at all.

---

[3] Caires did not appeal the ICA's denial of his Rule 40 Petition to the Hawaii Supreme Court, rendering his present claims unexhausted.  Moreover, the statute of limitation began to run on Caires's claims no later than July 19, 2007, ninety days after the ICA affirmed the denial of his Rule 40 Petition and he failed to appeal to the Hawaii Supreme Court.  When the more than ten months that ran against Caires before he filed his Rule 40 Petition is added to the almost eight months that ran before he filed this federal Petition, Caires's Petition is approximately six months late.  See 28 U.S.C. § 2244(d)(1). Because the court lacks jurisdiction over the Petition, however, it makes no determination regarding exhaustion or statute of limitation.

4

To challenge a conviction or sentence in the federal court, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). If a petitioner has fully served his entire sentence, then he is no longer "in custody," with respect to the specific conviction and sentence he is challenging, and the district court is divested of the jurisdiction necessary to review the challenged claims. *See Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (court lacks subject matter jurisdiction over habeas petition when petitioner's challenged sentence is fully expired). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing the petition. *Id.* at 490-91. The purpose of the custody requirement is "to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

Caires asserts "that he **was** (emphasis added), still incarcerated when he completed and filed the Petition[.]" (Traverse 3.) The record shows, however, that Caires was released from custody on February 29, 2008, and that he did not mail this Petition from the prison prior to his release, but did so three days after his release. (*See* Prelim. Ans. Exs. 7 & 8;

June 12, 2008 Supp.' Br. Exs. A & B.)  Caires was therefore not in custody when he filed the Petition.

Caires also argues that he "is [still] experiencing the effects of an unjust and illegal conviction and incarceration: a) through a criminal record; b) a criminal sex registration, which, while being informational is also another form of incarceration and a confinement and restriction of freedom." (Traverse 3.) The mere fact of his conviction, and criminal record, does not render Caires in custody for the purposes of this habeas Petition.

First, Caires cites to no case law, and this court is unaware of any, that holds that possessing a criminal record renders an individual "in custody" within the meaning of § 2254. To accept Caires's interpretation of the "in custody" requirement would render every person who has ever been convicted of a crime in perennial, everlasting custody, thus defeating the statute's "in custody" requirement.  Once a petitioner is no longer serving the sentence imposed for his conviction he cannot bring a federal habeas petition directed at that conviction.  *See Maleng*, 490 U.S. at 492; *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).  Caires's criminal record does not render him "in custody."

Second, Caires's sex offender registration requirements do not subject him to such severe restraints on his liberty that

6

are "not shared by the public generally. *Dow v. Circuit Court of the First Circuit*, 371 P.2d 922, 923 (9th Cir. 1993). The Ninth Circuit has held that Washington's, California's, and Oregon's sex offender registration statutes do not render a petitioner in custody because these statutes do not place "a significant restraint on . . . physical liberty" by restricting the registrant's freedom to move about. *Williamson v. Gregoire*, 151 F.3d 1180, 1183-84 (9th Cir. 1998) (Washington), *cert. denied*, 525 U.S. 1081 (1999); *see also McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999)(California).

Although the Ninth Circuit has not yet ruled on this issue with regard to Hawaii's sex offender registration statute, Hawaii's sex offender registration statute would likely pass similar analysis, as it allows a registrant the freedom to move about, subject only to the requirement that the registrant notify the proper agency of his or her new address within a specified amount of time. *See* Haw. Rev. Stat. § 846E-2(c) (Supp. 2003); *McNab*, 170 F.3d at 1247 (determining Oregon sex offender registry requirement does not render habeas petitioner in custody); *Henry*, 164 F.3d at 1241-42 (same under California law); *Williamson*, 151 F.3d at 1183-84 (same under Washington law). The requirement that Caires is required to register with the attorney general and

provide the information required by the statute does not render him "in custody" within the meaning of § 2254.

Caires is not in custody now and was not in custody when he filed this Petition. The court therefore lacks jurisdiction to consider his claims and DISMISSES THE PETITION WITH PREJUDICE.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Caires v. Iramina, et al.*; CIV. NO. 08-00110 SOM; ORDER DISMISSING PETITION; dmp/Habeas 08/Caires 08-110 (dsm no custody, exh sol)